# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MARQUETTE BENSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:19-cv-02236-TLP-tmp |
| v. ) | |
| ) | |
| RUSTY WASHBURN, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## ORDER DENYING MOTION FOR PRELIMINARY HEARING TRANSCRIPT

Petitioner Marquette Benson moves for a preliminary hearing transcript. (ECF No. 23.) Respondent has not responded, and the period for responding has expired. For the reasons below, the Court **DENIES** the motion.

Petitioner requests the preliminary hearing transcripts from his state case arguing that, at trial, the prosecution introduced the exact same statements as were mentioned in the preliminary hearing but they were made at trial by a different declarant. (*Id.* at PageID 97.) Petitioner's argument is unclear but he implies that different witnesses testified at trial than had testified at the earlier hearing. Plus it appears that he claims there were other people—James Rubin and James Owens—in the house. (*Id.*) He argues that the prosecution used two similar statements but they resulted in different outcomes. (*Id.*) The judge found a lack of probable cause at the preliminary hearing but the jury later convicted him at trial.

Petitioner's request for the preliminary hearing transcripts is a request for habeas discovery. Habeas petitioners do not have an automatic right to discovery. *See Johnson v.*

*Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009) (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)).  Discovery in habeas cases is controlled by Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), which states: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  *See Cornwell v. Bradshaw*, 559 F.3d 398, 410 (6th Cir. 2009) ("For good cause shown, the district court has the discretion to permit discovery in a habeas proceeding . . . .").  Habeas Rule 6 is meant to be "consistent" with the Supreme Court's decision in *Harris v. Nelson*, 394 U.S. 286 (1969).  *Bracy v. Gramley*, 520 U.S. 899, 909 (1997).  In *Harris*, the Court stated:

> [W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.

*Harris*, 394 U.S. at 300.

Petitioner cannot demonstrate "good cause" by "bald assertions" or "conclusory allegations."  *Stanford*, 266 F.3d at 460; *see also Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004).  Rather, the requested discovery must be materially related to claims raised in the habeas petition and likely to "resolve any factual disputes that could entitle [the petitioner] to relief."  *Williams*, 380 F.3d at 975 (quoting *Stanford*, 266 F.3d at 460) (internal quotation marks omitted); *see Bracy*, 520 U.S. at 908–09 (allowing discovery relevant to "specific allegations" of fact in support of a claim of constitutional error); *Post v. Bradshaw*, 621 F.3d 406, 425 (6th Cir. 2010) (stating that discovery provides petitioner "that extra evidence he . . . needs to prove or strengthen his case"); *Braden v. Bagley*, No. 2:04-CV-842, 2007 WL 1026454, at *2 (S.D. Ohio Mar. 30, 2007) ("Rule 6's 'good cause' standard requires petitioner to at least attempt to

identify what he expects to uncover through his discovery requests.").[1]  To show good cause, Benson's discovery requests must be materially related to his grounds for relief. Petitioner alleges the following grounds for relief in his amended § 2254 Petition:

    1.    In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial (*see* ECF No. 13 at PageID 54-55); and

    2.    His attorney failed to investigate his indictment and argue his motion for a defective indictment (*id.* at PageID 54).

Petitioner does not specifically tie his request here to any asserted ground for relief.  He does not clearly state the relevance of the preliminary hearing testimony or how the transcripts will resolve a factual dispute relevant to his petition.  Petitioner has not met his burden of demonstrating good cause for the production of the preliminary hearing transcripts.  The Court therefore DENIES his motion for a preliminary hearing transcript.

    **SO ORDERED**, this 20th day of July, 2020.

                                                  s/Thomas L. Parker
                                                  THOMAS L. PARKER
                                                  UNITED STATES DISTRICT JUDGE

---

[1] "The Sixth Circuit has not determined whether § 2254(e)(2) applies to motions for discovery." *Hill v. Anderson*, No. 4:96CV0795, 2010 WL 5178699, at *8 (N.D. Ohio Dec. 14, 2010).  A petitioner may show good cause under Habeas Rule 6 without meeting the higher standard for an evidentiary hearing in 28 U.S.C. § 2254(e)(2).  *Payne v. Bell*, 89 F. Supp. 2d 967, 970 (W.D. Tenn. 2000); *see Braden*, 2007 WL 1026454, at *6 (distinguishing discovery from factual development under § 2254(e)(2)); *see also Simmons v. Simpson*, No. 3:07-CV-313-S, 2009 WL 4927679, at *5–6 (W.D. Ky. Feb. 12, 2009) (stating that this view is not unanimously held by all federal courts).